## SILAS LUTES ET AL. v. SARAH A. REED ET AL.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY.

Argued October 20, 1890—Decided November 3, 1890.

In ejectment by the executors of a decedent, claiming under a power to sell, evidence having been adduced by the defendant, more than a scintilla, tending to show a delivery of a deed for the land to her by the decedent in his lifetime, the question of delivery was a question of fact properly submitted to the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 47 October Term 1890, Sup. Ct.; court below, No. 218 November Term 1888, C. P.

On October 20, 1888, service was accepted of a summons in ejectment brought by Silas Lutes and Samuel Mancha, executors of the will of James Stroud, deceased, against Sarah Ann Reed and her husband, John W. Reed, to recover 78 acres and 146 perches of land in East Pikerun and Fallowfield townships. Issue.

## Statement of Facts.

At the trial on March 14, 1889, the plaintiffs claimed the land in dispute under the will of James Stroud, deceased, wherein was contained a power of sale. The defendants introduced evidence tending to show that Mr. Stroud died on May 25, 1886, a widower, then living upon a tract of land of which the land in dispute was a part, and owning an undivided one half interest in an adjoining farm and a large personal estate ; that his household consisted of himself, Sarah Ann Reed, who was an adopted daughter, John W. Reed, the husband of Sarah Ann Reed, and Mary Ann Worrell, a niece of Mrs. Reed; that both Mrs. Reed and Miss Worrell had been in the testator's family from childhood ; that in 1881 the testator had had his mansion farm divided into two parcels, one of which was the tract in dispute ; that on December 2, 1881, he executed a deed for the land in controversy to Sarah A. Reed and for the other parcel to Miss Worrell ; that on December 6, 1881, he executed his will, by which, after making several bequests, he provided that " if there is any more real estate, personal estate, or mixed, after the above legacies are paid," it should be divided among Mrs. Reed, Miss Worrell and others ; that these deeds and the will were wrapped up in a paper by themselves, indorsed, " My will and deeds," or " My deeds and will," and kept in a drawer of a bureau which the defendants claimed was used by Miss Worrell as well as by the testator ; that the package remained in that place with other papers of Mr. Stroud and articles of Miss Worrell until in May, 1886, about three weeks before the date of the testator's death, when, as was testified, Mr. Stroud directed Miss Worrell to get his papers, his pocket book, the deeds and some other papers ; that he took the package containing the will and deeds, separated them, laid the deeds, one on top of another, and then handed them to Miss Worrell, saying, " These are the deeds, put them away ; " that Miss Worrell took the papers, including the will, when he said, " Put these papers away carefully ; they will be of use to you when I am gone." There was evidence, further, that Miss Worrell saw the deeds when Mr. Stroud wrote them ; that when the deeds and other papers were handed to her three weeks before his death she put them back in the same drawer ; that, when the executors came to look for Mr. Stroud's papers after his death, the key of the

Opinion of the Court.

drawer was in the possession of Mrs. Reed, who said she had got it from Miss Worrell the day Mr. Stroud died.

At the close of the testimony, the plaintiffs requested the court, McIlvaine P. J., to charge the jury:

6. Under all the evidence in the case, the verdict must be for the plaintiffs.

Answer: Refused.[15]

—The jury returned a verdict in favor of the defendants. Judgment having been entered, the plaintiffs took this appeal, assigning for error, inter alia:

15. The answer to the plaintiffs' point.[15]

*Mr. T. J. Duncan* (with him *Mr. John Aiken*), for the appellants.

Upon the question of delivery, counsel cited: Thompson v. Franks, 37 Pa. 329; Boardman v. Dean, 34 Pa. 252; Critchfield v. Critchfield, 24 Pa. 100; Bryant v. Bryant, 42 N. Y. 16; Fain v. Smith, 14 Ore. 82 (58 Am. Rep. 282); Stone v. French, 37 Kas. 145 (1 Am. St. Rep. 238); Davis v. Cross, 14 Lea 637 (52 Am. Rep. 178); Thompson v. Lloyd, 49 Pa. 128; Pringle v. Pringle, 59 Pa. 286; Linsenbigler v. Gourley, 56 Pa. 167; Baker v. Haskell, 47 N. H. 479 (93 Am. Dec. 455); Prutsman v. Baker, 30 Wis. 644 (11 Am. Rep. 593); Wyman v. Remsen, 11 Paige 564.

*Mr. M. C. Acheson* (with him *Mr. M. L. A. McCracken*), for the appellees.

Counsel cited: Galbraith v. Zimmerman, 100 Pa. 377; Eckman v. Eckman, 55 Pa. 275; Steel v. Tuttle, 15 S. & R. 217; Dayton v. Newman, 19 Pa. 199; Allen v. Getz, 2 P. & W. 321; Arrison v. Harmstead, 2 Pa. 193; Wilt v. Franklin, 1 Binn. 502.

Per Curiam:

The jury have found by their verdict, that James Stroud, in his lifetime, delivered to Mrs. Reed the deed for the premises in controversy. With this fact found against them, the plaintiffs have no case. It was contended on their behalf, however, that the finding of the jury was not warranted by the evidence; indeed, that the evidence upon this question was not sufficient

to justify the court in submitting it.   We do not think so.   It may be admitted that it was not strong, but it amounted to more than a scintilla.   It was for the jury to find what Mr. Stroud meant when he gave the deeds to Miss Worrell, saying: "Put these papers away carefully; they will be of use to you when I am gone."   In considering these words, the jury had a right to take into view all the surrounding circumstances; the situation of Mr. Stroud as to his family and estate, and the relation in which he stood to these ladies.   And viewing them altogether, we are by no means sure the jury made a mistake. In any event, as before observed, there was sufficient to submit to them, and their verdict establishes the fact of a delivery. The case turned upon this question of fact; and, although the assignments of error are numerous, we find nothing to criticise.

Judgment affirmed.

